IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Ethel West and James West,

      Plaintiffs,

      vs.                         Case No. 15-9910-JTM

Social Security Administration, Texas and Missouri,

      Defendant.

MEMORANDUM AND ORDER

This matter is before the court on the Motion to Proceed without Payment of Fees and Motion for Appointment of Counsel by plaintiffs Ethel West and James West. Having reviewed the Motion to Proceed and accompanying financial affidavit, the court grants leave to proceed without payment of fees. The court denies the motion for appointment of counsel. There is no constitutional right to the appointment of counsel, as the plaintiffs explicitly acknowledge in the form they completed and submitted in support of their motion. Moreover, the same form explicitly states that even in the "rare cases" where an appointment is granted, the court "requires that ... a plaintiff *confer with* (not merely contact) at least five attorneys." (Dkt. 4, at 2 (emphasis in form)). The Wests have not made even a token attempt to comply with this requirement: across the portion of the form reserved for listing the attorneys consulted, the plaintiffs have simply scrawled "N/A."

Turning to the substance of the Wests' allegations, the standards relating to pro se litigation were accurately summarized by Magistrate Judge Gale in *Snider v. Burton*, 2015 WL 867423, *2-3

(D. Kan. March 2, 2015), adopted, 2015 WL 1442096 (D. Kan. March. 30, 2015).

Pursuant to 28 U.S.C. § 1915(e)(2), a court "shall dismiss" an in forma pauperis case "at any time if the court determines that ... the action or appeal—(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "When a plaintiff is proceeding *in forma pauperis*, a court has a duty to review the complaint to ensure a proper balance between these competing interests." *Mitchell v. Deseret Health Care Facility*, No. 13–1360–RDR–KGG, 2013 WL 5797609, at *1 (D.Kan. Sept.30, 2013). The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." *Harris v. Campbell*, 804 F.Supp. 153, 155 (D.Kan.1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir.1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See Kay v. Bemis*, 500 F.3d 1214, 1217–18 (10th Cir.2007). In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir.2006).

The Court will also liberally construe the pleadings of a pro se plaintiff. *See Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir.1991). This does not mean, however, that the Court must become an advocate for the pro se plaintiff. Hall, 935 F.2d at 1110; *see also Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Liberally construing a pro se plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *Fisher v. Lynch*, 531 F.Supp.2d 1253, 1260 (D.Kan. Jan.22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007), and *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible—rather than merely conceivable—on its face." *Fisher*, 531 F.Supp.2d at 1260 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1974). Factual allegations in the complaint must be enough to raise a right to relief "above the speculative

level." *Kay v. Bemis*, 500 F.3d at 1218 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. At 1965).

While a complaint generally need not plead detailed facts, Fed.R.Civ.P. 8(a), it must give the defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. *Monroe v. Owens*, Nos. 01–1186, 01–1189, 01–1207, 2002 WL 437964 (10th Cir. Mar.21, 2002). Rule 8(a) requires three minimal pieces of information in order to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed.R.Civ.P. 8(a).

The Wests' Complaint fails to meet these standards. The Complaint generally indicates that Ethel West is "getting underpaid SSDI benifits [sic]," and that "they keep refusing my son SSI benefits." (Dkt. 1, at 3). Ethel West states in the Complaint that "I want 30,000 dollars for pain & suffering." (Id. at 4). The Complaint supplies no information whatsoever as to the actual disability of either plaintiff. The Complaint indicates that both plaintiffs reside in Missouri, not Kansas. Finally, the Complaint clearly indicates that the present action in Kansas is an attempt to gain relief from other federal courts which have rejected their claims. The action is brought against "Social Security Adm. Tx & Mo.," and the Complaint states: "Tx. Federal Dist. Court kept dismissing the case and they had all the proof." (Id. at 5.)

This court has no jurisdiction to effectively reverse or reconsider the decisions of other District Courts. Plaintiffs offer no substantial basis at all for concluding that they are entitled to relief or that this court has jurisdiction over their claim.

IT IS ACCORDINGLY ORDERED this 22nd day of December, 2015, that the plaintiffs' Motion to Proceed (Dkt. 3) is granted, their Motion for Appointment (Dkt. 4) is denied; and the case is dismissed as frivolous.

                                                s/ J. Thomas Marten
                                          J. THOMAS MARTEN, JUDGE